# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE PEELE, *Petitioner* | : : : | CIVIL ACTION |
| v. | : : : | |
| CAITLIN MCLAUGHLIN *et al.*, *Respondents* | : : | No. 21-cv-440 |

## MEMORANDUM

PRATTER, J.                                                                 JANUARY 19, 2022

To overcome a missed habeas deadline, a prisoner must show extraordinary circumstances. Tyrone Peele has not done so here. The Court adopts Magistrate Judge Carol Sandra Moore Wells' Report and Recommendation and denies Mr. Peele's petition.

### BACKGROUND

Tyrone Peele was convicted in state court of intimidating a witness and simple assault for punching his aunt after she reported him to the police for being involved in a fight. He was sentenced to 11 to 22 years in prison. He appealed, but his counsel moved to withdraw from the representation, asserting that the appeal had no merit. The Superior Court let counsel withdraw and affirmed the conviction. *Commonwealth v. Peele*, No. 180 EDA 2013, 2013 WL 11255683, at *1 (Pa. Super. Ct. Aug. 19, 2013).

During his direct appeal, Mr. Peele also filed a federal habeas petition. The Court dismissed it without prejudice and instructed Mr. Peele to present his claims in state court first under Pennsylvania's Post Conviction Relief Act. *Peele v. Kelly*, No. 13-cv-1142, 2013 WL 6022154, at *4 (E.D. Pa. Nov. 13, 2013). Three years later, Mr. Peele filed an untimely PCRA petition. He was offered counsel but chose to represent himself. The PCRA Court then dismissed his petition for being filed too late, and the Superior Court affirmed. *Commonwealth v. Peele*, 256 A.3d 3 (Table), 2021 WL 1743041, at *1, 3 (Pa. Super. Ct. May 3, 2021).

1

While his PCRA petition was pending before the Superior Court, Mr. Peele filed this habeas petition. He raises four claims: First, that he has been denied the right to habeas corpus under the Pennsylvania constitution. Second, that his sentence exceeded the statutory maximum. Third, that the Commonwealth violated the Double Jeopardy clause. Finally, that the state trial court lacked subject matter jurisdiction over him and his crime.

In her Report and Recommendation, Judge Wells found that the first claim could not be brought in federal court and that the other three were raised too late. Doc. No. 25, at 3. Mr. Peele filed timely (but sparse) objections to the R&R for all four claims. The Court thus reviews his claims "de novo." 28 U.S.C. § 636(b)(1)(C).

### LEGAL STANDARDS

For a federal court to hear a habeas petition from a state prisoner, the prisoner must have timely brought his claim. Specifically, state prisoners must file their federal habeas petitions within one year of the end of their direct appeal in state court. 28 U.S.C. § 2244(d)(1)(A). There are a few exceptions, however. For example, state prisoners get extra time if they have a habeas petition pending in state court. But that state petition must have been "properly filed." § 2244(d)(2). That is, it must have met the state's own deadlines for habeas petitions. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In rare cases, a late petition might also be excused if the petitioner can identify an "extraordinary circumstance" that prevented him from filing his federal habeas petition on time. *Id.* at 418.

For a federal court to hear the petition, the claim must also be cognizable. That is, the claim must involve a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts cannot hear habeas claims that assert violations of state law, for state law is for state courts to decide. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).

2

DISCUSSION

Mr. Peele raises four claims. All are too late. One cannot be heard in federal court in any case. The others are meritless.

I.     **Mr. Peele's claims are time barred**

To start, Mr. Peele has filed his claims far too late. Mr. Peele's conviction became final in September 2013, when his time to appeal to the Pennsylvania Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A); 210 Pa. Code § 1113(a). He then technically had one year, until September 2014, to file his federal habeas petition. But, as this Court explained in response to the premature federal habeas petition that he filed while his direct appeal was pending, he had not yet gone through the state habeas process. *Peele*, 2013 WL 6022154, at *4. Thus, before reviving his federal habeas petition, Mr. Peele needed to file a timely state habeas petition. That would stop the clock on his one-year federal court deadline. Once the state court ruled on the state petition, the clock would resume ticking, and he would need to file his federal petition before the year expired.

Mr. Peele did not follow this procedure. Instead, he waited three years to file his state habeas petition. In Pennsylvania, state habeas petitions must be filed within a year after the conviction becomes final. 42 Pa. Cons. St. § 9545(b). Thus, his state petition was untimely under state law. It was likewise untimely under federal law: For a state petition to toll the federal deadline, the state petition must be filed *before* the one-year federal deadline expires. 28 U.S.C. § 2244(d)(2). By missing these deadlines, Mr. Peele missed his chance to raise these claims in federal court.

To be sure, prisoners can overcome missed deadlines in certain situations. Mr. Peele suggests that this Court should overlook the missed deadlines because his convictions were in violation of the Constitution and are thus unfair. For the Court to equitably toll a deadline, the prisoner must show that he diligently pursued his rights but that, despite his diligence, an

3

"extraordinary circumstance" prevented him from filing on time. *Pace*, 544 U.S. at 418. Otherwise, the prisoner must produce new, reliable evidence of his actual innocence. *McGuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Mr. Peele has not even tried to explain *why* he needed three years to file his state habeas petition. Nor has he produced any new evidence of his innocence, much less shown that no reasonable juror would have found him guilty. *Id.* Because of this, the Court will not overlook the missed deadlines.

## II.     Mr. Peele's claims also fail on the merits.

Besides, his claims are meritless. First, Mr. Peele asserts that he has been denied habeas relief under the Pennsylvania state constitution. That is an issue of state law, not of federal law. So this Court cannot even consider it. *See* 28 U.S.C. § 2254 ("[A federal] court shall entertain an application for a writ of habeas corpus … only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of *the United States*.") (emphasis added).

Second, Mr. Peele insists that his sentence exceeded the statutory maximum. Mr. Peele was convicted of simple assault and intimidating a witness. He was sentenced to 10 to 20 years for the intimidation and 1 to 2 years for the assault, giving him a total range of 11 to 22 years. To Mr. Peele, his maximum sentence should be shorter because his conviction for intimidating a witness should count as a third-degree felony, making his maximum sentence for that offense 7 years. Though intimidating a witness *can* be a third-degree felony, it is not always. If the underlying offense that the witness planned to testify to was charged as a first-degree felony, then the intimidation of the witness counts as a first-degree felony too. 18 Pa. Cons. Stat. § 4952(b)(2). That is the case here. For punching his aunt, Mr. Peele was charged with aggravated assault, a first-degree felony. Therefore, his intimidation of his aunt was a first-degree felony too. The

statutory maximum for a first-degree felony is 20 years. 42 Pa. Cons. Stat. § 1103(1). So his 11 to 20-year sentence for intimidation is legal.

Third, Mr. Peele claims that the Commonwealth subjected him to double jeopardy. Double jeopardy protects against "cumulative" punishments for the same crime. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). Here, Mr. Peele was convicted of two separate offenses: simple assault and intimidating a witness. Each offense has different elements. *Compare* 18 Pa. Cons. Stat. § 4952(a) *with* § 2701(a). That means that he could be convicted of and sentenced for both offenses without being subject to double jeopardy. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Finally, Mr. Peele contends that the trial court lacked subject matter jurisdiction over him and his crime. But the Pennsylvania Court of Common Pleas has jurisdiction over all crimes alleged to have been committed "within [the] Commonwealth," including these. 18 Pa. Cons. Stat. § 102(a). So this claim fails too.

## CONCLUSION

For these reasons, the Court overrules Mr. Peele's objections and adopts the R&R in full. Reasonable jurists would not "find it debatable" that Mr. Peel missed the statute of limitations, or that his claims lack merit. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Therefore, the Court will not issue a certificate of appealability. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE